**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAMSIDDIN ABDUR-RAHEEM,<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA L. KUHN et al.,<br><br>Defendants. | Civil Action No. 24-9054 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Partial Motion to Dismiss Plaintiff Shamsiddin Abdur-Raheem's ("Plaintiff's") Complaint ("Compl.," ECF No. 1) filed by Defendants Victoria Kuhn, Michael Kostbar, Willie Bonds, Erin Nardelli, Donna Gies, and Amy Emrich (collectively, "Defendants" or "Moving Defendants") ("Motion," ECF No. 10). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiff is currently serving a life sentence at New Jersey State Prison ("NJSP") in Trenton, New Jersey. (Compl. ¶¶ 3, 15.) On September 9, 2024, Plaintiff filed his *pro se* Complaint and application to proceed *in forma pauperis* ("IFP application"). (*See* ECF Nos. 1, 1-3.) The Court granted Plaintiff's IFP application, screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and directed the Clerk of the Court to file the Complaint. ("Screening Decision," ECF No. 3.)

Plaintiff's suit, brought under 42 U.S.C. § 1983, challenges the constitutionality of the New Jersey Department of Corrections' ("NJDOC") mail policy and implementation thereof. (Compl. ¶¶ 32–41.) Plaintiff alleges that Defendants do not allow inmates to receive mail from Post Office Boxes ("P.O. Boxes") and reject such mail without notice in violation of his First and Fourteenth Amendment rights. (*Id.*)[1]

Plaintiff alleges that between January and April 2024, he was expecting incoming mail from approximately twenty businesses, including "WriteAPrisoner.com," in response to mail he previously sent. (Compl. ¶¶ 18–19.) On April 21, 2024, after Plaintiff "realized that he had not received responses from any of the businesses that he contacted," he submitted an informal grievance. (*Id.*) He stated in his grievance that the NJSP mailroom was withholding his mail from WriteAPrisoner.com and returning it to sender without providing him with notice. (*Id.* ¶ 19.) Defendant Michael Kostbar, the NJSP mailroom sergeant, responded that NJSP "do[es] not accept mail from a P.O. Box" and advised Plaintiff to have the mail sent "from a street address." (*Id.*) On April 27, 2024, Plaintiff filed a formal grievance about the same issue—"not receiving his incoming mail from . . . WriteAPrisoner.com without being provid[ed] any notice of its rejection and being returned to sender"—to which Defendant Kostbar responded that "mail is not accepted from P.O. Boxes." (*Id.* ¶ 20.) Plaintiff filed a final administrative appeal on May 15, 2024, to which Defendant Kostbar again responded. (*Id.*)

---

[1] The Court screened the Complaint under 28 U.S.C. § 1915(e)(2)(B) and concluded that the following claims could proceed: Plaintiff's First Amendment and Fourteenth Amendment due process claims for money damages against Defendant Kostbar in his personal capacity, Plaintiff's supervisory liability claims for money damages against all other Defendants in their personal capacities, and Plaintiff's claims for injunctive relief against all Defendants in their official capacities. (Screening Decision at 3 n.1, 7.) As explained herein, the Moving Defendants seek dismissal of Plaintiff's money damages claims. (*See* Motion.)

Plaintiff summarizes the policy and its enforcement as follows: "When incoming mail is sent to an inmate at NJSP from a P.O. box address[,] . . . defendants are simply returning the mail to sender without providing the inmate with any notice whatsoever of the occurrence, and without providing the sender any notice for its return or why it[']s being returned." (*Id.* ¶ 26.) Plaintiff alleges that this policy is new, and inmates have not been informed about it through the NJSP Inmate Handbook or in any formal or organized manner. (*Id.* ¶¶ 21, 25; *see id.* ¶¶ 22–25 (alleging that new policy of rejecting inmates' incoming mail from P.O. Boxes "has not been promulgated to the inmate population at NJSP or any other prison" and "has not been reduced to writing in any compilation of NJDOC . . . or NJSP rules or procedures").) Plaintiff "challenges the constitutionality of the defendants['] policy banning inmates from receiving mail from post office boxes . . . [and] the constitutionality of the process, or lack thereof, of defendants rejecting and returning to sender inmates['] incoming mail from PO boxes." (*Id.* ¶¶ 16–17.)

Plaintiff sues Defendant Kostbar (the mailroom sergeant who allegedly returned Plaintiff's mail without notice and informed him of the P.O. Box policy) and several NJDOC and NJSP administrators:[2] NJDOC Commissioner Victoria L. Kuhn; NJDOC Assistant Deputy Commissioner Willie Bonds; NJDOC Assistant Commissioners Erin Nardelli, Donna Gies, and Melinda Haley; NJSP Administrator Bruce Davis; NJSP Associate Administrator Amy Emrich; and NJSP Assistant Superintendent Derrick Bodtmann.[3] (*Id.* ¶¶ 19–20, 29–30.) According to Plaintiff, these supervisory Defendants implement and enforce the allegedly unconstitutional mail

[2] Only the NJDOC Defendants (i.e., the Moving Defendants) have been served. (ECF No. 5.) The three NJSP Defendants have not been served and have not appeared in this action. (*See* ECF No. 6.) Any outstanding service issues are referred to the Honorable Tonianne J. Bongiovanni, U.S.M.J., pursuant to Judge Bongiovanni's Order Regarding Service of Process (ECF No. 4).

[3] Plaintiff also sues "Unknown Agents And/Or Employees of [NJDOC] 1-99" and "Jane/John Does 1-99"—respectively, "all currently unknown agents/employees of NJDOC . . . [and] any and all currently unknown defendants who may be held liable in the course of this action." (Compl. ¶¶ 13–14.)

policy. (*Id.* ¶¶ 4–8, 10–12, 29–30.) Plaintiff further alleges that the NJSP Defendants knew about and acquiesced in Defendant Kostbar's alleged misconduct. (*Id.* ¶ 29 (alleging the NJSP Defendants "individually or collectively authorized, ordered, directed or w[ere] aware that [D]efendant Kostbar was rejecting inmates' such as Plaintiffs incoming mail from P.O. boxes in his capacity as the Mailroom sergeant").)[4] From all Defendants, Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief. (*Id.* ¶¶ 36, 41–43.)

On February 13, 2026, Defendants Kostbar, Kuhn, Bonds, Nardelli, Gies, and Emrich moved to dismiss Plaintiff's Complaint in part. (*See* Motion.) Plaintiff did not respond or otherwise oppose Defendants' Motion.[5]

## II. LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (alteration in original). However, the Court "need not credit bald assertions or legal conclusions" or allegations that "involve

[4] As explained in the Court's Screening Decision, although supervisory officials cannot be held vicariously responsible under § 1983 for the acts of their employees, § 1983 claims may proceed against such officials under other theories of liability. (*See* IPF Decision at 4–5.) Based on Plaintiff's allegations that the NJDOC administrators "instituted and/or implemented the policy at issue" and the NJSP administrators "had knowledge and acquiesced in Kostbar's alleged wrongs," the Court "permit[ted] the supervisory claims for damages to proceed against these Defendants in their personal capacities." (*Id.* at 5.) The Court likewise permitted Plaintiff's claims for injunctive relief to proceed against all named Defendants. (*Id.* at 5, 7.) The Moving Defendants do not specifically or separately address Plaintiff's supervisory claims. (*See* Motion.)

[5] Notwithstanding Plaintiff's failure to respond, "the Court must address unopposed motions to dismiss a complaint on the merits." *Est. of Casella v. Hartford Life Ins. Co.*, No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009) (*citing Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)); *see also infra* note 7.

fantastic factual scenarios . . . lack[ing] any arguable factual or legal basis" or that "surpass all credulity." *Degrazia v. FBI*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008) (alterations in original), *aff'd*, 316 F. App'x 172 (3d Cir. 2009).

A *pro se* plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Cason v. Middlesex Cnty. Prosecutors' Off.*, No. 18-2101, 2022 WL 2871195, at *3 (D.N.J. July 21, 2022) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Notwithstanding that liberal interpretation, "a *pro se* plaintiff must still plead the essential elements of [his] claim." *Alfred v. Atl. City Police Dep't Swat*, No. 14-7536, 2015 WL 5823057, at *1 (D.N.J. Oct. 1, 2015) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## III. DISCUSSION

In their Partial Motion to Dismiss, Defendants seek dismissal of Plaintiff's monetary damages claims only. (*See, e.g.*, Motion at 2 ("This brief does not address the claims asserted against the Defendants, in their official capacities, for injunctive relief.").) They raise two arguments. First, Defendants argue that Plaintiff's claims for compensatory damages are barred by the Prison Litigation Reform Act ("PLRA"). (*See id.* at 5–7.) Second, Defendants assert that Plaintiff's remaining monetary damages claims (for punitive and nominal damages) under the First Amendment are barred by qualified immunity. (*See id.* at 7–12); *see also infra* note 6. For the reasons below, the Court grants Defendants' Partial Motion as to their first argument but not as to their second. Plaintiff's compensatory damages claims must be dismissed against all Defendants, but qualified immunity is premature at this early stage.

### A. Compensatory Damages

Plaintiff seeks compensatory damages under § 1983 for Defendants' alleged violations of the First and Fourteenth Amendments. (*See* Compl. ¶¶ 36, 41, 43(b).) Defendants argue that Plaintiff is precluded from obtaining compensatory damages under the PLRA because he does not allege any physical injuries. (Motion at 5–7.) The Court agrees with Defendants.

The PLRA provides, in relevant part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody *without a prior showing of physical injury*." 42 U.S.C. § 1997e(e) (emphasis added). The Third Circuit has interpreted this provision to mean that an incarcerated plaintiff cannot recover compensatory damages under § 1983 without alleging a "more-than-*de minimis* physical injury as a predicate to allegations of emotional injury." *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). Here, Plaintiff does not allege that the at-issue mail policy caused him any physical injury, let alone a "more-than-*de minimis*" physical injury, as required to obtain compensatory damages for his claims. *See id.* Accordingly, Plaintiff's claims for compensatory damages as against all Defendants must be dismissed without prejudice.

### B. Qualified Immunity

Defendants next argue that they are entitled to qualified immunity because they did not violate a clearly established right. (Motion at 7–12.) With respect to Plaintiff's Fourteenth Amendment procedural due process claim, Defendants "concede" for "purposes of [their] motion only" that "rejecting mail addressed to an inmate without giving them notice can violate a clearly established right."[6] (*Id.* at 2 n.1.) Defendants do not argue under the first qualified immunity prong

[6] Defendants make no argument for qualified immunity specifically addressed to Plaintiff's Fourteenth Amendment claim and, as stated, expressly concede a clearly established Fourteenth Amendment right to notice before an incarcerated person's mail may be rejected. (*See* Motion at 2 n.1, 11–12.) The Court thus understands Defendants to argue they are entitled to qualified immunity only as to Plaintiff's First

that no constitutional violation occurred and do not move for dismissal of Plaintiff's injunctive claims under either the First or Fourteenth Amendment. (*See id.* at 2, 7–12.) Because Defendants have not carried their burden of showing entitlement to qualified immunity, and because qualified immunity is not "established on the face of [Plaintiff's] complaint," the Court denies without prejudice Defendants' request for qualified immunity as premature. *See Thomas v. Independence Township*, 463 F.3d 285, 291, 293 (3d Cir. 2006).[7]

Qualified immunity "shield[s] government officials performing discretionary functions . . . 'from liability [for] civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see Burns v. PA Dep't of Corr.*, 642 F.3d 163, 176 (3d Cir. 2011) ("The general rule of qualified immunity is intended to provide government officials with the ability 'reasonably [to] anticipate when their conduct may give rise to liability for damages.'" (alterations in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 645 (1987))). Thus, a government official sued under § 1983 is entitled to qualified immunity where (1) he did not violate the plaintiff's constitutional rights or (2) the constitutional right was not clearly established at the time of the alleged violation. *Stringer v. County of Bucks*, 141 F.4th 76, 85 (3d Cir. 2025) (citing *George v. Rehiel*, 738 F.3d 562, 571–72 (3d Cir. 2013)). The court may address the two prongs in any order. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Pearson v. Callahan*, 555

---

Amendment claim. To the extent Defendants seek qualified immunity as to both constitutional claims, they fail to carry their burden as to Plaintiff's Fourteenth Amendment claim for the reasons explained herein.

[7] Although Plaintiff did not respond to Defendants' Motion—and thus did not address Defendants' assertion of qualified immunity—his lack of a response does not entitle Defendants to automatic dismissal on qualified immunity grounds. *See, e.g.*, *Stringer v. County of Bucks*, 141 F.4th 76, 88 (3d Cir. 2025) (noting that "the burden of pleading qualified immunity rests with the defendant, not the plaintiff" and that an "absence of detailed factual allegations supporting a plaintiff's claim for relief under § 1983 does not . . . establish defendants' immunity" (second omission in original)); *see also supra* note 5.

U.S. 223, 236 (2009)). "[T]he burden of pleading a qualified immunity defense, like any other affirmative defense, rests with the defendant." *Stringer*, 141 F.4th at 85 (internal quotation marks omitted); *Thomas*, 463 F.3d at 289 ("[E]stablished precedent . . . recognizes that a plaintiff has no pleading burden to anticipate or overcome a qualified immunity defense."). "In qualified immunity cases," as on a motion to dismiss, the Court "accept[s] the plaintiff's allegations as true and draw[s] all inferences in his favor." *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022) (citations omitted).

Defendants rely on the clearly established prong as the basis for their assertion of qualified immunity. This prong entails two steps: "defin[ing] the right allegedly violated at the appropriate level of specificity," then "ask[ing] whether that right was 'clearly established' at the time of its alleged violation." *Mack v. Yost*, 63 F.4th 211, 228 (3d Cir. 2023) (quoting *Jefferson v. Lias*, 21 F.4th 74, 81 (3d Cir. 2021)). Defendants do not engage in the required rights-definition step. They simply assert that "the NJDOC policy prohibiting inmates from receiving mail from P.O. Boxes does not violate any clearly established right," then proceed to argue that no Supreme Court precedent or Circuit cases make "this right" clearly established. (Motion at 11.) However, as explained, Defendants bear the burden of pleading the affirmative defense of qualified immunity, and defining the right at issue is essential to showing that right was not clearly established. *See, e.g.*, *Mack*, 63 F.4th at 228–29; *Clark v. Coupe*, 55 F.4th 167, 181 (3d Cir. 2022) ("Before searching for relevant caselaw, however, we must first identify the specific right [Plaintiff] alleged was violated. Defining the contours of the right is critical to determining whether it was clearly established . . . ."). "It is unclear how Moving Defendants can assert they are entitled to qualified immunity because a right was not clearly established without identifying that right." *Wagner v. Mifflin County*, No. 23-100, 2025 WL 3619334, at *36 (M.D. Pa. Apr. 4, 2025), *report and recommendation adopted in relevant part*, 2025 WL 3565338 (M.D. Pa. Dec. 12, 2025); *see also*

*Gregory v. Dawdy*, No. 24-12, 2025 WL 4635306, at *6 n.8 (W.D. Pa. Nov. 4, 2025) ("Defendants do not attempt to define the rights at issue or argue why those rights were not clearly established. . . . Defendants effectively shift the burden of proof to [Plaintiff] to both specify what right is at issue and state why the right was clearly established." (cleaned up)), *report and recommendation adopted*, 2026 WL 305090 (W.D. Pa. Feb. 5, 2026); *Greco v. Senchak*, No. 12-2576, 2013 WL 4520847, at *13 (M.D. Pa. Aug. 26, 2013) (denying motion to dismiss "because defendants fail to establish that the right at issue was clearly established or, for that matter, define what exactly the right would be in this case"); *Bryant v. Pottsgrove Sch. Dist.*, No. 25-3140, 2025 WL 2691044, at *12–13 (E.D. Pa. Sept. 19, 2025) ("[Defendant] neither defines the rights allegedly violated nor demonstrates that they were clearly established. Accordingly, her request for qualified immunity as to these claims will be denied. If appropriate, [Defendant] may raise this defense again at summary judgment . . . .").

Defendants may well avoid defining the right at issue because to do so is a "fact-intensive inquiry" that "must be undertaken in light of the specific context of the case." *Stringer*, 141 F.4th at 85–86 (cleaned up) (first quoting *Grant v. City of Pittsburgh*, 98 F.3d 116, 122 (3d Cir. 1996); then quoting *Thomas*, 463 F.3d at 300); *see Saucier v. Katz*, 533 U.S. 194, 201 (2001) (explaining that the constitutional right must be framed "in light of the specific context of the case, not as a broad general proposition," under qualified immunity); *see also Mack*, 63 F.4th at 229–30 (explaining that the framing of the right at issue must "track [the plaintiff's] portrayal of the harm he experienced" and "appropriately reflect 'the specific context of the case,' as viewed in the light most favorable to [the plaintiff]"). The Third Circuit has "repeatedly recognized" that the "fact-intensive" nature of the clearly established prong "presents unique difficulties at the pleading stage," and "complaints typically lack the case-specific details needed to conduct the clearly

established analysis." *Stringer*, 141 F.4th at 85–86 (3d Cir. 2025) (collecting cases); *see id.* at 86 ("[T]he fact-bound nature of the clearly established inquiry combined with the dearth of facts at the pleading stage makes it 'difficult for a defendant to claim qualified immunity on the pleadings *before discovery* and before the parties (much less the courts)' uncover the precise contours of the official's conduct and the context in which it occurred."); *Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2022) ("[T]he imperative to decide qualified immunity issues early in the litigation is in tension with the reality that factual disputes often need to be resolved before determining whether the defendant's conduct violated a clearly established right.").

The Third Circuit has accordingly cautioned that, although qualified immunity should be resolved "at the earliest possible stage" in litigation, "Rule 12(b)(6) is often 'a mismatch for immunity and almost always a bad ground for dismissal.'" *Stringer*, 141 F.4th at 85. "[I]t is often the case that, without more than the complaint to go on, a court cannot fairly tell whether a right is obvious or squarely governed and thus clearly established by precedent, making qualified immunity inappropriate on a motion to dismiss." *Id.* at 86 (internal quotations omitted). Where, as here, "the clearly established inquiry 'is not possible' at the pleading stage without a more developed factual record, a district court must reject qualified immunity as 'premature,' deny the motion to dismiss, and proceed with at least limited discovery." *Id.* at 89 (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1421 (3d Cir. 1991)); *see Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) ("[I]t is generally unwise to venture into a qualified immunity analysis at the pleadings stage as it is necessary to develop the factual record in the vast majority of cases.").

"The Court finds that this case falls into 'the vast majority of cases' for which further development of the factual record is necessary." *Castro v. Del. River Port Auth.*, No. 13-4467, 2014 WL 2916506, at *8 (D.N.J. June 26, 2014). Without attempting to define the rights at issue,

the Court notes that Plaintiff's Complaint appears to generally implicate prisoners' First Amendment right to receive mail and Fourteenth Amendment right to notice before such mail is rejected.[8] *See Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006) (noting First Amendment right); *Vogt v. Wetzel*, 8 F.4th 182, 186 (3d Cir. 2021) (noting Fourteenth Amendment right). Indeed, Defendants concede, for purposes of their Motion, prisoners' clearly established right to receive notice before mail is rejected. (Motion at 2 n.1); *see Vogt*, 8 F.4th at 186 ("[P]risons must provide 'minimum procedural safeguards' when they 'censor or withhold delivery of a particular letter.' Notice and a reasonable chance to challenge the original official's decision satisfy due process." (citing *Procunier v. Martinez*, 416 U.S. 396, 417–9 (1976))); *Mojica Carrion v. Wetzel*, No. 22-51, 2023 WL 4534597, at *8 (M.D. Pa. July 13, 2023) (denying qualified immunity at summary judgment as to Fourteenth Amendment claim and explaining "clearly establishe[d] . . . due process right to notice and an opportunity to challenge a prison's decision to censor or withhold an inmate's mail"). Similarly, "federal courts have long recognized that 'prisoners, by virtue of their incarceration, do not forego their First Amendment right to the use of the mails.' Jails and prisons may, however, restrict a prisoner's access to the mails where such a restriction is rationally related to a legitimate state purpose." *Lomonico v. Presley*, No. 17-6143, 2018 WL 2383155, at *3 (D.N.J. May 24, 2018) (citation omitted). Neither the at-issue policy nor Defendants' justifications for this policy are presently before the Court. The factual record is thus "insufficient for determination of Defendants' claim of qualified immunity," such that dismissal would be premature and the Court

[8] Although neither of those "broad general proposition[s]" constitute the right at issue for purposes of the clearly established prong, they inform the inquiry. *Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 638 (3d Cir. 2015) (quoting *Saucier*, 553 U.S. at 201) (explaining distinction between general statements of constitutional rights as relevant to first qualified immunity prong and "particularized" right for purposes of clearly established analysis).

"must deny the motion to dismiss and seek to resolve qualified immunity at summary judgment."[9] *Stringer*, 141 F.4th at 86, 90; *see id.* at 86 ("[W]ithout more than the complaint to go on, a court 'cannot fairly tell whether a right is obvious or squarely governed and thus clearly established by precedent.").

In sum, because factual development is needed for a proper qualified immunity analysis, Defendants have not carried their burden to establish entitlement to the defense, and qualified immunity is not clear on the face of Plaintiff's complaint, Defendants' request for qualified immunity is premature and is denied without prejudice.[10] *See, e.g.*, *Thomas*, 463 F.3d at 291 ("[Q]ualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint."); *Debrew v. Auman*, 354 F. App'x 639, 642 (3d Cir. 2009) (per curiam) (vacating district court's decision, where district court dismissed incarcerated plaintiff's First Amendment claim on qualified immunity grounds under Rule 12(b)(6), and finding dismissal was "premature" because sparse complaint "failed to disclose whether the defendants' actions did not violate a clearly established constitutional right" (citing *Thomas*, 463 F.3d at 291)).

[9] "It is by no means sure that discovery of any kind will unearth facts that would move this case into the category of involving a clearly established right. However, assuming this at the Rule 12(b)(6) stage is unnecessary and inconsistent with the Third Circuit's clear guidance as to how to address such situations." *Reader v. Blair County*, No. 22-140, 2025 WL 4354749, at *17 (W.D. Pa. Dec. 19, 2025), *report and recommendation adopted*, 2026 WL 512243 (W.D. Pa. Feb. 24, 2026). "This is simply not one of the unusual cases where qualified immunity can be determined from the face of the complaint." *Id.* at 18.

[10] The Court reiterates that Plaintiff's claims would not be dismissed in their entirety based on qualified immunity alone, including because Defendants do not seek dismissal of his claims for injunctive relief. (*See* Compl. ¶ 43; Motion at 2); *Hill v. Borough of Kutztown*, 455 F.3d 225, 244 (3d Cir. 2006) ("[T]he defense of qualified immunity is available only for damages claims—not for claims requesting prospective injunctive relief.").

## CONCLUSION

For the reasons set forth above, the Moving Defendants' Partial Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. An appropriate Order accompanies this Memorandum Opinion.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: September 2, 2026